UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHERRY LANDRY AND ROLAND WATSON | CIVIL ACTION |
| VERSUS | NO. 16-15705 |
| CIRCLE K STORES, INC, ET AL. | SECTION "R" (5) |

## **ORDER AND REASONS**

Before the Court is plaintiffs' motion to amend their complaint.[1] For the following reasons, the Court denies the motion.

## I.  BACKGROUND

This case arises out of a single-vehicle automobile accident that allegedly occurred on August 20, 2015.[2] Plaintiffs Sherry Landry and Roland Watson allege that they were leaving a Circle K gas station when their vehicle ran over an unsecured gas manhole cover, causing the vehicle's tire to fall

---

[1]  R. Doc. 9.
[2]  R. Doc. 1-2 at 4-5.

into the manhole.³ This accident allegedly caused severe injuries to the plaintiffs and damage to the vehicle.⁴

On August 16, 2016, plaintiffs filed a petition for damages in Louisiana state court against defendants Circle K Stores, Inc. ("Circle K"), Shell Oil Products Company, LLC ("Shell Oil"), and Affirmative Casualty Insurance Company.⁵ The Affirmative Casualty Insurance Company, a non-diverse defendant, was under a permanent order of liquidation at the time of plaintiffs' petition.⁶ Under the terms of the liquidation order, all insurance policies issued by the Affirmative Casualty Insurance Company were cancelled as of May 11, 2016.⁷

On October 19, 2016, Shell Oil removed the lawsuit to this Court on the basis of diversity of citizenship.⁸ Plaintiffs are Louisiana domiciliaries⁹ and defendants Circle K and Shell Oil are not Louisiana citizens.¹⁰ Shell Oil argued in its notice of removal that defendant Affirmative Casualty Insurance Company, a Louisiana company, should be treated as fraudulently

---

3   *Id.*
4   *Id.* at 5.
5   *Id.* at 3-4.
6   R. Doc. 1-4.
7   *Id.* at 1.
8   R. Doc. 1.
9   R. Doc. 1-2 at 3.
10  R. Doc. 1 at 3.

2

joined because the company was in liquidation proceedings.[11] Plaintiffs did not file a motion to remand. On March 30, 2017, the Court ordered plaintiffs to show cause why the Affirmative Casualty Insurance Company should not be dismissed for failure to prosecute.[12]

Two weeks after the Court's order, plaintiffs filed this motion for leave to file an amended complaint.[13] Plaintiffs' proposed amended complaint would add the Louisiana Insurance Guaranty Association (LIGA) as a defendant in this matter and substitute LIGA for the Affirmative Casualty Insurance Company.[14] The Court ordered the parties to submit memoranda of law addressing LIGA's citizenship for diversity purposes, the effect of joining LIGA on the Court's subject matter jurisdiction, and whether the Court should permit joinder.[15] Defendants Shell Oil and Circle K each filed memoranda opposing the joinder of LIGA.[16]

---

11     *Id.* at 4-5.
12     R. Doc. 8.
13     R. Doc. 9.
14     R. Doc. 9-1 at 1-2.
15     R. Doc. 10 at 2.
16     R. Doc. 12; R. Doc. 13.

3

## II. DISCUSSION

All parties agree that LIGA is a Louisiana citizen and that joining LIGA as a defendant would destroy the Court's diversity jurisdiction.[17] The Fifth Circuit has held that "LIGA has the citizenship for diversity purposes of each of its constituent member insurers." *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991). It is undisputed that LIGA has member insurers who are citizens of Louisiana.[18]

When an amended complaint would destroy diversity jurisdiction, the Court may either deny joinder of the non-diverse party or permit joinder and remand the matter to state court. 28 U.S.C. § 1447(e). Plaintiffs contend that LIGA should be joined because it "stand[s] in the shoes of the insolvent Affirmative Casualty Insurance Company and [is] a necessary party to these proceedings."[19] Plaintiffs, however, provide no explanation or support for the conclusion that LIGA is a necessary party. Defendants argue that joinder should be denied because the purpose of plaintiffs' amendment is to defeat federal diversity jurisdiction.[20]

---

[17]   R. Doc. 11 at 2; R. Doc. 12 at 4; R. Doc. 13 at 3.
[18]   R. Doc. 11 at 2; R. Doc. 12 at 4; R. Doc. 13 at 2.
[19]   R. Doc. 9-2.
[20]   R. Doc. 12 at 6; R. Doc. 13 at 4.

4

The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). When an amended pleading would destroy diversity jurisdiction, the Court will "scrutinize that amendment more closely than an ordinary amendment" and "consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

After consideration of these factors, the Court finds that joinder must be denied. Plaintiffs do not offer a convincing explanation for why joining LIGA serves any purpose other than to defeat federal jurisdiction. Plaintiffs' original petition alleges that the Affirmative Casualty Insurance Company provided plaintiffs with a policy of uninsured and underinsured motorist liability coverage and that this policy covers the damages requested in the petition.[21] Shell Oil argues that plaintiffs likely do not have a claim under their uninsured motorist policy because such policies typically cover only

---

[21] See R. Doc. 1-2 at 4, 7.

5

damages that arise out of the use of an uninsured motor vehicle.[22] Plaintiffs do not offer any facts in their original petition or subsequent pleadings to support the conclusion that their single-car accident qualified for coverage under their uninsured/underinsured motorist policy. The Court therefore finds that plaintiffs have not shown a valid reason to join LIGA in this action. *See Moore v. Manns,* 732 F.3d 454, 457 (5th Cir. 2013) (agreeing that amendment served only to destroy diversity jurisdiction where plaintiff offered no evidence of proposed defendant's liability).

Additionally, plaintiffs' amendment is dilatory. This matter was removed on October 19, 2016.[23] The notice of removal made clear that the Affirmative Casualty Insurance Company was in liquidation proceedings.[24] Yet plaintiffs did not move for leave to amend until April 13, 2017.[25] Plaintiffs provide no explanation for their delay and instead assert that "[f]rom day one of this case, LIGA is the proper party defendant in place of the insolvent Affirmative Casualty Insurance Company."[26] The Court finds that plaintiffs were dilatory in waiting almost six months after removal to amend their complaint. *See Villareal v. Wells Fargo Bank, N.A.,* 814 F.3d 763, 768 (5th

---

[22] R. Doc. 12 at 9.
[23] R. Doc. 1.
[24] *Id.* at 4.
[25] R. Doc. 9.
[26] R. Doc. 11 at 3-4.

6

Cir. 2016) (affirming denial of leave to amend, where district court found that plaintiff was dilatory in attempting to join defendant over two months after filing original complaint).

Finally, there is no indication that plaintiffs will be injured if joinder is denied. Even if plaintiffs had a valid claim against the Affirmative Casualty Insurance Company and could recover damages on that claim from LIGA, LIGA's presence is not necessary to provide plaintiffs with complete relief. Plaintiffs' petition for damages alleges that all defendants are jointly liable, and plaintiffs do not argue that they will be unable to recover from the current defendants.[27] Circle K represents to the Court that it possesses liability insurance to cover plaintiffs' damages in this matter, and Shell Oil likewise represents that there is virtually no possibility that uninsured motorist coverage would be implicated given its presence, along with Circle K, as a defendant in this action.[28] The Court finds that denying leave to amend will not injure plaintiffs, and no other equitable factors favor permitting joinder of LIGA.

---

[27]  R. Doc. 1-2 at 7.
[28]  R. Doc. 13 at 7; R. Doc. 12 at 9.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion for leave to amend.

New Orleans, Louisiana, this __19th__ day of July, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE